SEABOARD AIR LINE RAILWAY, *Plaintiff in Error*, v. HARRISON PARKER, *Defendant in Error*.

Opinion Filed June 9, 1913.

1. Where actionable negligence is alleged in a count, subsequent allegations therein of negligent acts not stated to have caused the injury complained of, may be treated as surplusage when they do not render the essential allegations of the count repugnant.

2. Where there is substantial evidence that the plaintiff was injured by the negligent movement of a railroad company's train, such evidence may warrant a finding of liability against the company under the statute.

An attorney called as a witness may *sua sponte* present to the court a question of privileged communication, when not otherwise waived by the client.

The fact that a client upon cross examination testified without objection that he had not made a certain statement to his attorney, does not waive the privilege.

Where the earning capacity of a plaintiff is in issue, evidence tending to show him to be of indifferent earning capacity is admissible.

Writ of error to the Circuit Court of Suwannee County.

Judgment reversed.

*Rees & Rees,* and *Fleming & Fleming,* for Plaintiff in Error.

*Hardee & Randell,* for Defendant in Error.

WHITFIELD, J.—Harrison Parker brought an action against the railroad company to recover damages for injuries received while a passenger on the defendant's train. There was verdict and judgment for the plaintiff and the defendant railroad company took writ of error.

The declaration is in two counts. In the first count it is alleged that while the plaintiff, a passenger was trying to get inside of a car, the defendant, "did, with sudden force and violence, negligently and unmindful of the rights of the plaintiff as a passenger, suddenly jolt and jerk forward said train, running the same forward a few feet, whereupon plaintiff, as soon as was possible, got inside of the car, but the defendant, immediately

upon stopping, negligently and recklessly reversed the said train, running the same backward several steps, and as plaintiff was in the act of reaching a seat, and before he had had time to seat himself, the defendant company, through its servants, as aforesaid, negligently suddenly stopped and severely jolted said car, and, without any signal or warning, again, immediately, propelled its train of cars forward, and violently, negligently and recklessly jerked and jolted the same with a forward movement, all of which negligent movements of the train of cars, as aforesaid, unbalanced the plaintiff and caused him to stumble and fall, and in falling" was injured by being ruptured.

In a subsequent part of the count it is alleged "that the engine and locomotive used by the defendant in pulling and carrying forward its said train of cars, was inadequate and did not have sufficient power to evenly and smoothly start off and propel said train, and in the use of said engine for the purpose of moving said train, the defendant, through its agents and servants, at said time, in order to move said train of cars, did, unmindful of the plaintiff as a passenger, negligently and violently propel backwards and forward and jolt the same as aforesaid, and the defendant did recklessly and negligently use said inadequate engine and locomotive as aforesaid."

It is argued that the declaration alleges several distinct acts of negligence and that as every negligent act alleged was not proved the judgment should have been for the defendant. The declaration in effect alleges that while the plaintiff was proceeding to his seat in the car, the defendant so suddenly, violently and negligently moved its train forward and backward as to cause the plaintiff "to stumble and fall, and in falling" he was

injured. The subsequent allegation that the locomotive was inadequate and that "the defendant did recklessly and negligently use said inadequate engine and locomotive as aforesaid," is not stated to have caused the injury, and such subsequent allegations may be treated as surplussage and not regarded as independent or repugnant allegations of negligence that proximately caused the injury complained of.

The proximate cause of the injury is alleged to have been the sudden negligent and violent moving of the train backward and forward, while the plaintiff was endeavoring to get to a seat on the car he had entered as a passenger. Whether this negligent movement of the train proceeded from the insufficient character of the engine or from other causes for which the defendant was responsible, is not material to the plaintiff's right to recover damages shown to have proximately resulted from the negligence alleged, when the alleged sudden, violent and negligent movement of the train and not the insufficiency of the engine is stated to have been the proximate cause of the injury.

There is evidence that the plaintiff was injured by the sudden, violent and negligent movement of the train, and a finding that the defendant is liable under the statute "for any damage done" to the plaintiff as a proximate result of the negligence, is authorized by law.

A witness for the defendant, an attorney, was asked if the plaintiff had stated to witness that he had been ruptured before the accident complained of. The witness testified that the plaintiff had made a contract with him to bring an action in this case, but the contract was cancelled before an action was brought, and that other counsel had been employed, therefore witness desired

the court to determine whether the rule of privilege applied. The court held that the matter was privileged and the defendant excepted. There was no error in the ruling. The communication covered by the question was made when the relation of attorney and client existed between the witness and the plaintiff and the privilege not being waived by the plaintiff, the testimony was properly excluded.

The plaintiff testified without objection on cross-examination that he had made a statement to the attorney with a view to retaining him, but that he never told the attorney he had suffered with a rupture before the accident here in controversy, but this testimony on cross-examination is not a waiver of the privilege that existed between the plaintiff and the attorney.

Testimony as to the presence of a satchel over which the plaintiff stumbled when he was injured was not improperly admitted. The presence of the satchel was one of the conditions existing in the car upon which the alleged negligence of the defendant operated to cause the injury.

The plaintiff alleged and produced testimony tending to prove that prior to the injury he was in good health and earned approximately $500.00 a year at farming and other manual labor; and that since the injury here complained of, he has been unable to work as before.

Evidence offered by the defendant tending to show that the plaintiff was an indifferent laborer and did not earn compensation as he claimed he did before the injury, was excluded. This was error.

Evidence as to the earnings of the plaintiff before the injury is proper and material to a just determination of

the compensation under the statute "for any damage done" to the plaintiff. Sec. 3148, Gen. Stats. of 1906. Other assignments of error need not be discussed.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.