FLORIDA EAST COAST RY. CO., *Plaintiff in Error*, v. DARTHA CARTER AND EZEKIEL M. CARTER, HER HUSBAND, *Defendants in Error*.

Opinion Filed February 16, 1915.

A judgment upon a second verdict for the plaintiff will not be reversed where the evidence is sufficient in law to sustain the verdict, and technical errors, if any, in the proceedings do not appear to have been harmful to the defendant, even though the second verdict exceeds the first in amount, where the award is not so palpably excessive as to justify interference by an appellate court.

Writ of Error to Circuit Court for Duval County; D. A Simmons, Judge.

Judgment affirmed.

*Alex St. Clair-Abrams*, for Plaintiff in Error;

*A. H. King & Roswell King* and *Bisbee & Bedell*, for Defendants in Error.

PER CURIAM.—This writ of error is to a judgment for $15,000.00 damages for personal injuries. A previous judgment for $12,500.00 was reversed, because of an erroneous and apparently harmful charge given to the jury. Florida East Coast Ry. Co. v. Carter, 67 Fla. 335, 65 South. Rep. 254. A new trial was awarded to determine the liability of the defendant as well as the recoverable damages, if any, there being evidence tending to show negligence on the part of the plaintiff, which, under the statute, the jury might regard, if found to exist, as affecting the liability of the defendant, or as affecting

merely the amount of the damages. Otherwise the new trial granted might, under Chapter 6467, Acts of 1913, have been limited to the issues relative to the recoverable damages. See Garzo v. J. H. Brophy Const. Co., 66 Fla. 607, 64 South. Rep. 234.

The issues relating to liability, contributory negligence and recoverable damages were fully and fairly submitted to the jury and determined in favor of the plaintiff. There was evidence upon which liability could lawfully be predicated; and upon a consideration of all the facts and circumstances in evidence, contributory negligence does not appear as matter of law. The conflicts in the testimony and the credibility of the witnesses have been determined by the jury, and there is nothing in the record to show the verdict to be contrary to law or to indicate that the jury were not governed by the evidence in finding the verdict that has been approved by the trial court, the evidence as to the circumstances of the injury being more full this time. Technical errors, if any, in giving or refusing charges, or in rulings upon proffered evidence, do not appear to have been harmful to the defendant railroad company. While the amount awarded is greater than that of the former verdict, it is not so palpably excessive as to justify an appellate court in setting aside a second verdict for the plaintiff in a case like this, where substantial damages may be allowed upon a finding of liability. See Georgia Southern & Florida Ry. Co. v. Ruff, decided at this term.

The judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL, WHITFIELD AND ELLIS, JJ., concur.