ISABELL BARNWELL AND WOODWARD BARNWELL, HER HUSBAND, *Plaintiffs in Error, v.* SEABOARD AIR LINE RAILWAY, A CORPORATION, *Defendant in Error.*

Opinion Filed February 24, 1917.

1. In an action by a passenger for injuries received by the operation of a railroad train, it is in general sufficient to allege ultimate facts showing that the relation of passenger and carrier existed, and that the defendant negligently did or omitted the act or acts that proximately caused or contributed to causing the injury as stated, the specific fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial.

2. While general allegations as to duty and negligence in performing it standing alone may with other appropriate allegations state a cause of action, yet if other allegations contained in the count state specific material facts that show there was no duty within the meaning of the general allegations as to duty and negligence, the declaration may be bad on demurrer.

Writ of Error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment affirmed.

*A. H. King* and *Roswell King,* for Plaintiffs in Error;

*Fleming & Fleming,* for Defendant in Error.

PER CURIAM.—The amended declaration herein is as follows:

"Comes now the plaintiffs, Isabell Barnwell and Woodward Barnwell, her husband, and by leave of the court first had and obtained, amends their declaration and alleges as follows, to-wit:

"1. That during the time herein set forth and for a long time thereafter, the defendant, Seaboard Air Line Railway, was, and still is a corporation doing business in the State of Florida, and owning, maintaining and operating for the transportation of freight and passengers by the use of cars and steam locomotives operated thereon a line of railway and system of railroads in the State of Florida, a portion of which extends from the town of Fernandina therein to the City of Jacksonville therein; that on the morning of the 6th day of May, 1914, the plaintiff, Isabell Barnwell, having procured transportation in due course on the passenger train of defendant from the said town of Fernandina to the said City of Jacksonville, boarded and took passage on the passenger train of defendant then and there provided for her passage, and proceeded for the City of Jacksonville; that on arriving at or near the City of Jacksonville, to-wit, where the track of the defendant crosses Main street at about Twelfth or Thirteenth Streets, said train was brought to a standstill and the plaintiff, Isabell Barnwell, then and there proceeded to alight from said train, and while so engaged the defendant carelessly and negli-

gently ran said train forward; that by reason of such carelessness and negligence of the defendant, the plaintiff, Isabell Barnwell, was precipitated to the ground with great force and violence, whereby said plaintiff was painfully, seriously and permanently injured in and throughout her body and her right hip was thereby injured, thereby rendering said plaintiff a hopeless cripple for life; and plaintiff, Isabell Barnwell's right wrist was thereby also painfully and seriously sprained and she was thereby otherwise injured in and throughout her body; and plaintiff, Isabell Barnwell, was thereby subjected to great shame and mortification by reason whereof said plaintiff has suffered great pain and anguish at all times between said date and the date hereof, and is still suffering the same; and by reason of such hurting, wounding and injuring, said plaintiff then and there became lame, sick, sore and disordered and has suffered great pain and anguish and has so continued to suffer for a long time, to-wit, from then to this time; and said plaintiff was thereby permanently injured and will continue permanently to suffer pain and anguish; and plaintiff, Isabell Barnwell, was then and thereby during that time and still is incapable of performing her duties and services by her to be done and performed.

"And plaintiff, Woodward Barnwell, was, at the time of said hurting, wounding and bruising, and has ever since been, and still is the husband of the said Isabell Barnwell, and was then and thereby and has since been deprived of the services, companionship and wifely attention, society and aid of the plaintiff, Isabell Barnwell; and that plaintiffs were obliged to and did necessarily lay out divers sums of money, to-wit, Five Hundred ($500.00) Dollars in and about endeavoring to have the plaintiff, Isabell Barnwell, cured of her wounds, sickness, soreness

and disorders as aforesaid, occasioned as aforesaid, all to the damage of the plaintiffs of Twenty-five Thousand ($25,000.00) Dollars.

"Wherefore, plaintiffs bring their suit and claim Twenty-five Thousand ($25,000.00) Dollars damages of defendants.

"2. And for a second count plaintiffs allege that during the time herein set forth and for a long time theretofore, the defendant, Seaboard Air Line Railway, was and still is a corporation doing business in the State of Florida, and owning, maintaining and operating for the transportation of freight and passengers by the use of cars and steam locomotives operated thereon a line of railway and system of railroads in the State of Florida, a portion of which extends from the town of Fernandina therein to the City of Jacksonville therein; that on or about the 6th day of May, 1914, the plaintiff, Isabell Barnwell, having procured transportation in due course on the passenger train of defendant from the said town of Fernandina to the said City of Jacksonville, boarded and took passage on the passenger train of the defendant then and there provided for her passage and proceeded to her destination, the said City of Jacksonville; that upon the arrival of said train of defendant at or near said City of Jacksonville, to-wit, where the tracks of defendant cross Main Street at or about Twelfth or Thirteenth Streets, and after said train of defendant had come to a standstill at said place, said plaintiff, Isabell Barnwell, prepared and undertook to leave said train of defendant and had proceeded for said purpose as far as, to-wit, the steps of the platform of the passenger coach of defendant attached to defendant's said train, upon which said plaintiff had been riding as aforesaid, whereupon said train of defendant was started and run forward whereby

said plaintiff was then and there precipitated to the ground with great force and violence; and plaintiff alleges that defendant was guilty of carelessness and negligence in the premises, in this, to-wit:    that it caused said train to be started and run forward, as aforesaid, while said plaintiff was in the act of alighting, as aforesaid, from said train and before said plaintiff had time to alight; that by reason of such carelessness and negligence of the defendant, the plaintiff, Isabell Barnwell, was precipitated to the ground with great force and violence, whereby said plaintiff was painfully, seriously and permanently injured in and throughout her body and her right hip was thereby injured, thereby rendering said plaintiff a hopeless cripple for life; and plaintiff, Isabell Barnwell's, right wrist was thereby also painfully and seriously sprained and she was thereby otherwise injured in and throughout her body; and plaintiff, Isabell Barnwell, was thereby subjected to great shame and mortification, by reason whereof said plaintiff has suffered great pain and anguish at all times between said date and the date hereof, and is still suffering the same; and by reason of such hurting, wounding and injuring, said plaintiff then and there became lame, sick, sore and disordered and has suffered great pain and anguish and has so continued to suffer for a long time, to-wit, from then to this time; and the said plaintiff was thereby permanently injured and will continue permanently to suffer pain and anguish; and plaintiff, Isabell Barnwell, was then and thereby during that time and still is incapable of performing her duties and services by her to be done and performed.

"And plaintiff, Woodward Barnwell, was, at the time of said hurting, wounding and bruising, and has ever since been, and still is the husband of the said Isabell

Barnwell, and was then and thereby and has since been deprived of the services, companionship and wifely attention, society and aid of plaintiff, Isabell Barnwell; and that plaintiffs were obliged to and did necessarily lay out divers sums of money, to-wit, Five Hundred ($500.00) Dollars in and about endeavoring to have the plaintiff, Isabell Barnwell, cured of her wounds, sickness, soreness and disorders, as aforesaid, occasioned as aforesaid, all to the damage of the plaintiffs of Twenty-five Thousand ($25,000.00) Dollars. Wherefore, plaintiffs bring this their suit and claim Twenty-five Thousand ($25,000.00) Dollars damages of defendant.

"3. And for a third count plaintiffs further allege that during the time herein set forth and for a long time theretofore, the defendant, Seaboard Air Line Railway, was and still is a corporation doing business in the State of Florida, and owning, maintaining and operating for the transportation of freight and passengers by the use of cars and steam locomotives operated thereon a line of railway and system of railroads in the State of Florida, a portion of which extends from the town of Fernandina therein to the City of Jacksonville therein; that on or about the 6th day of May, 1914, the plaintiff, Isabell Barnwell, having procured transportation in due course on the passenger train of defendant from the said town of Fernandina to the said City of Jacksonville, boarded and took passage on the passenger train of the defendant then and there provided for her passage and proceeded to her destination, the said City of Jacksonville; that upon the arrival of the said train of defendant's at or near the said City of Jacksonville, to-wit, where the tracks of defendant cross Main Street at or about Twelfth or Thirteenth Streets, and after said train of defendant had

there come to a standstill, at which place passengers of the defendant habitually got off its passenger trains, said plaintiff Isabell Barnwell, proceeded to alight from said train of defendant and to that end had proceeded as far as to-wit, the steps of the platform of the passenger coach of defendant, upon which said plaintiff had been riding as a passenger, as aforesaid, whereupon without warning or notice to said plaintiff the train of defendant was started and run forward suddenly, whereby said plaintiff was then and there precipitated to the ground with great force and violence; and plaintiff alleges that defendant was guilty of carelessness and negligence in the premises, in this, to-wit: that it caused said train to be started and run forward suddenly without warning or notice to said plaintiff, and while said plaintiff was in the act of alighting, as aforesaid, from said train and before said plaintiff had time to alight; that by reason of said carelessness and negligence of defendant in so causing said train to be started and run forward as aforesaid, without warning or notice to said plaintiff, as aforesaid, and while said plaintiff was in the act of alighting, as aforesaid, from said train, and before said plaintiff had time to alight, as aforesaid, said plaintiff was precipitated to the ground with great force and violence, whereby said plaintiff was painfully, seriously and permanently injured in and throughout her body, and her right hip was thereby injured, thereby rendering said plaintiff a hopeless cripple for life; and plaintiff, Isabell Barnwell's, right wrist was thereby also painfully and seriously sprained, and she was thereby otherwise injured in and throughout her body; and plaintiff, Isabell Barnwell, was thereby subjected to great shame and mortification, by reason whereof said

plaintiff has suffered great pain and anguish at all times
between said date and the date hereof, and is still suffer-
ing the same; and by reason of such hurting, wounding
and injuring, said plaintiff then and there became lame,
sick, sore and disordered, and has suffered great pain and
anguish and has continued to suffer for a long time, to-
wit, from then to this time; and the said plaintiff was
thereby permanently injured and will continue perma-
nently to suffer pain and anguish; and plaintiff, Isabell
Barnwell, was then and thereby during that time and still
is incapable of performing her duties and services by her
to be done and performed.

"And plaintiff, Woodward Barnwell, was at the time
of said hurting, wounding and bruising, and has ever
since been, and still is the husband of the said Isabell
Barnwell, and was then and thereby and has since been de-
-rived of the services, companionship and wifely atten-
tion, society and aid of plaintiff, Isabell Barnwell; and
that plaintiffs were obliged to and did necessarily lay out
divers sums of money, to-wit, Five Hundred ($500.00)
Dollars in and about endeavoring to have the plaintiff,
Isabell Barnwell, cured of her wounds, sickness, soreness
and disorders, as aforesaid, occasioned as aforesaid, all to
the damage of the plaintiffs of Twenty-five Thousand
($25,000.00) Dollars."

The court sustained demurrers to the first and second
counts and overruled a demurrer to the third count.
Trial was had on the third count with verdict and judg-
ment for the defendant.  On writ of error the plaintiffs
contend that harmful error was committed in sustaining
the demurrers to the first and second counts of the decla-
ration, a ground of the demurrers being that no cause of
action was stated.

Without determining whether the trial had on the

third count did not cover all the issues that could have been made under the first and second counts, the correctness of the ruling of the court in sustaining the demurrers to the first and second counts will be considered. The correctness of the verdict and judgment on the third count of the declaration is not questioned here.

In an action by a passenger for injuries received by the operation of a railroad train, it is in general sufficient to allege ultimate facts showing that the relation of passenger and carrier existed, and that the defendant negligently did or omitted the act or acts that proximately caused or contributed to causing the injury as stated, the specific fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

While general allegations as to duty and negligence in performing it standing alone may with other appropriate allegations state a cause of action, yet if other allegations contained in the count state specific material facts that show there was no duty within the meaning of the general allegations as to duty and negligence, the declaration may be bad on demurrer. See Florida Cent. & P. R. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832.

The allegation of the first count is that "on arriving at or near said City of Jacksonville, to-wit: where the track of the defendant crosses Main Street at or about Twelfth or Thirteenth Streets, said train was brought to a standstill and the plaintiff, Isabell Barnwell, then and there proceeded to alight from said train, and while so engaged the defendant carelessly and negligently ran said train forward; that by reason of such carelessness and negligence of the defendant, the plaintiff, Isabell Barnwell, was precipitated to the ground with great force and violence" and injured.

It is not alleged that the place at which the train stopped was a station or a depot or that passengers customarily or habitually alighted there or that the defendant's servants knew or should have known that the plaintiff contemplated alighting or was proceeding to alight at the place where the train stopped or when "the defendant carelessly and negligently ran said train forward" as alleged. This being so and the necessary inference from the specific allegations being that the train was not at a station or depot or a customary or habitual alighting place when "said train was brought to a standstill," the defendant was not charged with any knowledge or notice that the plaintiff intended to alight so as to raise a duty to see that she had ample opportunity to alight safely. The relation of carrier and passenger was shown; but no duty is alleged directly or inferentially that was violated even if the train was negligently run forward after it had stopped. It does not appear that the plaintiff would have been injured when "the defendant carelessly and negligently ran said train forward," as alleged, if she had not been then endeavoring to alight at a point when the defendant, on the showing made, owed no duty to afford a safe opportunity for alighting to a passenger.

The second count alleges that "upon the arrival of said train of defendant at or near said City of Jacksonville, to-wit, where the tracks of defendant cross Main Street at about Twelfth or Thirteenth Streets, and after said train of defendant had come to a standstill at said place, said plaintiff, Isabell Barnwell, prepared and undertook to leave said train of defendant and had proceeded for said purpose as far as to-wit, the steps of the platform of the passenger coach of defendant attached to defendant's said train, upon which said plaintiff had been

riding as aforesaid, whereupon said train of defendant was started and run forward whereby said plaintiff was then and there precipated to the ground with great force and violence; and plaintiff alleges that defendant was guilty of carelessness and negligence in the premises, in this, to-wit: that it caused said train to be started and run forward, as aforesaid, while said plaintiff was in the act of alighting, as aforesaid, from said train and before said plaintiff had time to alight; that by reason of such carelessness and negligence of the defendant, the plaintiff, Isabell Barnwell, was precipitated to the ground with great force and violence, whereby said plaintiff was painfully, seriously and permanently injured."

There is a general allegation "that defendant was guilty of carelessness and negligence *in the premises,* in this, to-wit: that it caused said train to be started and run forward, *as aforesaid,* while said plaintiff was in the act of alighting, *as aforesaid,* from said train and before said plaintiff had time to alight; that by reason of such carelessness and negligence of the defendant, the plaintiff was precipitated to the ground" and injured. But this general allegation of breach of duty refers to the previous specific allegations of fact which show there was no such duty as is alleged to have been violated. It having been alleged that the plaintiff was on "the steps of the platform of the passenger coach," when the other allegations do not show that the plaintiff was entitled to expect a safe exit from the train to be afforded by the defendant at the time and place, the negligence alleged does not appear to have been a proximate cause of the injury for which the defendant is liable. Under the particular facts alleged the injury to the plaintiff appears to have been "caused by her own negligence" within the meaning of the statute forbidding a recovery. It does not appear that the alleged

negligence in starting the train violated a duty to the plaintiff, since she was injured while she was alighting at a time and place when it does not appear that she had a right to expect a safe landing. It cannot be assumed that the negligent starting of the train would have injured her if she had not been trying to alight when she should not have done so.

Conceding but not deciding that the general allegations of negligence together with the other allegations consistent therewith contained in the second count would state a cause of action, yet the specific facts stated in the count to which the general allegations refer as the basis of liability, show that the injury was caused by the plaintiff's own negligence in attempting to alight when and where she should not have so attempted, at least without some showing that the defendant knew or reasonably should have known that a passenger might attempt to so alight.

In Florida East Coast R. Co. v. Carter, 67 Fla. 335, 65 South. Rep. 254, 69 Fla. 153, 67 South. Rep. 916, the declaration alleged that the train stopped "at the station of the defendant." In Seaboard Air Line Ry. v. Parker, 65 Fla. 543, 62 South. Rep. 589, the repugnant allegations were immaterial surplusage and did not affect essential allegations.

Judgment affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.