*Ex Parte* LYLL McLEOD v. HONORABLE M. G. ROWE, as Circuit Judge for the Seventh Judicial Circuit.

159 So. 517.
Opinion Filed February 18, 1935.
Petition for Rehearing Denied March 12, 1935.

444

*Martin & Martin,* for Petitioner.

*J. C. Rogers,* for Respondent.

WHITFIELD, C. J.—In an application for a Writ of Prohibition it appears that as authorized by the constitution and statute, the Governor by executive order assigned the Honorable M. G. Rowe, Judge of the Seventh Judicial Circuit to the Tenth Judicial Circuit in Polk County "for a period beginning Monday, the 29th day of October, A. D. 1934, and ending Wednesday, the 14th day of November, A. D. 1934"; that on November 9, 1934, in the Tenth Judicial Circuit in Polk County, Honorable M. G. Rowe, presiding, the petitioner charged by indictment with murder in the first degree, was found guilty of murder in the second degree; that on November 13, 1934, a motion for a new trial was filed, and on December 17, 1934, a new trial was granted by the Honorable M. G. Rowe, Circuit Judge, who then ordered the cause to be transferred to the Criminal Court of Record in Polk County and that the defendant be allowed to give bond to appear in the Criminal Court of Record; that the bond was given as required; that on December 20, 1934, the State Attorney filed in the Circuit Court in Polk County a petition for rehearing on the order granting a new trial, to be heard by the Honorable M. G. Rowe in Polk County on January 10, 1935. A Rule in Prohibition was issued by this Court, December 29, 1934. By answer

the Honorable M. G. Rowe in effect replied that he does not contemplate considering the petition for rehearing unless he is duly authorized by executive order. Under Section 4841 (3060) C. G. L., the assigned Circuit Judge had authority to adjudicate on December 17, 1934, the motion for new trial duly made, for the complete disposition of the cause, though his assignment was limited to November 14, 1934. But the authority of the assigned Judge may not extend to an adjudication of the petition for rehearing on the order granting a new trial without another assignment by executive order, if such a rehearing is proper procedure in a case of this nature.

It does not appear that the cause has been in fact transferred to the Criminal Court of Record, and if the cause is still pending in the Circuit Court, the propriety and merits of the petition for rehearing may be considered by an authorized Circuit Judge, since the petition was filed before the Court adjourned for the term.

The defendant petitioner having been in law acquitted of the charge of murder in the first degree by the verdict of guilty of murder in the second degree, the jurisdiction for further trial for the offense should be in the Criminal Court of Record.

As it does not appear that the Honorable M. G. Rowe, the respondent Circuit Judge, will consider the petition for rehearing on the order granting a new trial to the defendant-petitioner without an appropriate executive order of assignment under the constitution and statute, the rule nisi should be and is hereby discharged.

It is so ordered.

ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, J., concurs specially.

DAVIS, J. (concurring).—The case having been tried by an assigned judge and the assigned judge having exhausted his jurisdiction over the case by granting a new trial, I am of the opinion that the order granting a new trial became final and conclusive and the term as to this particular case ended, when the motion for a new trial was, without reservation of the power to further consider it, definitely overruled. I therefore concur in the result and in so much of the opinion as is not inconsistent with the view here expressed.

BUFORD, J., concurs.