131 So.2d 724 (1961)
Virginia Willys LUCOM (formerly Virginia Willys de Landa), Appellant,
v.
Fay Hall POTTER, Executrix of the Estate of Paul W. Potter, Deceased, Irwin L. Langbein and Sylvan B. Burdick, Appellees.
No. 30972.
Supreme Court of Florida.
June 21, 1961.
*725 Charles M. Trammell, Washington, D.C., and Paul J. Foley, Washington, D.C., for appellant.
Potter, Langbein, Burdick & Silvian, West Palm Beach, for appellees.
ROBERTS, Justice.
We here review an order entered in the County Judge's Court of Palm Beach County, and an order of the same court denying a motion for reconsideration thereof, which orders were entered pursuant to and purportedly in conformity with the opinion and mandate of this court in Lucom v. Atlantic National Bank of West Palm Beach, Fla. 1957, 97 So.2d 478. That this court has jurisdiction to entertain an appeal from an order of this kind is well settled. See Armenian Hotel Owners, Inc. v. Kulhanjian, Fla. 1957, 96 So.2d 896.
The facts are stated in detail in our former opinion. In brief, the prior appeal tested the propriety of an order of the County Judge's Court of Palm Beach County approving a final accounting by the Atlantic National Bank of West Palm Beach, as guardian of the property of the appellant under an order adjudicating her an incompetent, awarding fees and costs to the guardian bank, and awarding to the attorneys for the guardian bank their attorneys' fees and costs. On the prior appeal this court affirmed the order of the County Judge except as to that portion awarding compensation to the appellees Potter, Langbein and Burdick, as attorneys for the guardian bank. Finding that the ends of justice required "that the compensation order be reversed as to the appellees Potter, Langbein and Burdick, and the cause remanded for further consideration of this question," [97 So.2d 481] the court affirmed in part and reversed in part and remanded the cause "for further proceedings not inconsistent herewith."
The final mandate of this court went down in September of 1957. Some two years later, by order dated July 20, 1959, the regular county judge set the cause for trial on September 21, 1959. He was, however, absent from the jurisdiction on the date set for the trial, and the cause was heard by a circuit judge assigned to do so by the senior circuit judge.
The assigned circuit judge tried the case de novo from September 21 to September 24, 1959, and entered his order on April 20, 1960, awarding to appellees the sum of $28,000.00 as their fee for "ordinary" services rendered to the guardian bank on behalf of the appellant. Thereafter the appellant applied to the regular county judge for a "reconsideration and vacation" of the order of the assigned circuit judge on various grounds, which motion was denied.
Appeals have been perfected to this court from both orders and are here considered on a consolidated record of the proceedings in the County Judge's court culminating in each order.
In support of her contention that the order of the assigned circuit judge should be reversed the appellant has argued ten points of law alleged to be reversible error. Two of these points relate to the jurisdiction of the assigned circuit judge to hear and determine the cause. We have no difficulty in determining these jurisdictional points contrary to the contention of the appellant.
The fact that the certificate of the regular county judge certifying to his absence from the jurisdiction was filed after the fact of such absence, rather than before, is not, *726 in our opinion, a jurisdictional defect. Cf. Reid v. Southern Development Co., 52 Fla. 595, 42 So. 206. It is conceded that the regular county judge was absent from the jurisdiction at the time of the trial in this cause; and there can be no doubt of the authority of an assigned circuit judge to discharge the duties of an absent county judge. Sections 732.05 and 744.09, Fla. Stat. 1959, F.S.A. No objection was made to the trial of the cause by the assigned circuit judge until after the entry of the order here complained of; record entries have now been made, nunc pro tunc, to establish the fact of the absence of the regular county judge and the designation by the senior circuit judge of the assigned circuit judge to try the cause. In these circumstances, we find no reversible error in this respect.
Nor can we agree with appellant's contention that, upon the return of the regular county judge to the jurisdiction, the assigned circuit judge immediately lost jurisdiction to enter his order in the cause heard by him during the regular county judge's absence. The law appears to be to the contrary. See McLeod v. Rowe, 118 Fla. 443, 159 So. 517; 30A Am.Jur., Judges, Sec. 248; cases in annotation in 134 A.L.R. 1129.
It is also contended on behalf of the appellant that the regular county judge misconstrued the mandate of this court when he set the cause down "for trial," and that the assigned circuit judge also erred in trying the case de novo rather than reconsidering, on the record made at the previous trial, the question of what would be a reasonable fee for the appellees, as attorneys for the guardian bank. This contention is also without merit.
It is well settled that, upon reversal and remand with general directions for further proceedings, a trial judge is vested with a broad discretion in handling or directing the course of the cause thereafter. See Pritchett v. Brevard Naval Stores Co., 1939, 134 Fla. 649, 185 So. 134; Stossel v. Gulf Life Insurance Co. of Jacksonville, 1936, 123 Fla. 227, 166 So. 821. In view of the paucity of evidence taken at the first trial on the point in question, it was entirely appropriate to take further testimony thereon.
Appellant complains because the award made by the assigned circuit judge is some $4,000 greater than that awarded by the regular county judge on the first trial and reversed by this court. We cannot, however, disapprove the award merely because it is higher than that awarded at the first trial. Cf. Florida East Coast Ry. Co. v. Carter, 1915, 69 Fla. 153, 67 So. 916.
It is also contended by appellant that the award ($28,000) must have been made solely by application of the minimum fee schedule of the Palm Beach County Bar Association to the stipulated value of the estate, $1,550,000, since, the appellant argues, no other factual basis therefor appears in the record. We have no doubt that the assigned circuit judge based his award on the minimum fee schedule in question, as recommended by the expert witnesses. But we cannot agree that there is in the record made at the second trial the same dearth of evidence as to the services performed by appellees for the guardian on the appellant's behalf, as at the first trial. The expert witnesses testified as to the amount of time and skill that must have been required in performing the legal services in question, before concluding that, in their opinion, the circumstances warranted the application of the minimum fee schedule to determine a reasonable fee. There was other testimony, by appellees themselves and by an officer of the guardian bank, as to the nature and extent of the work performed by appellees on behalf of the appellant. Both the assigned circuit judge and the regular county judge  who are, presumably, familiar with the customary legal fees in Palm Beach County  apparently concluded that the evidence as to the nature and the extent of the work and the benefit to the appellant was sufficient to warrant the application of the *727 minimum fee schedule to determine what would be a reasonable fee for ordinary and routine services of the appellees. We have carefully examined the evidence in this respect and are not persuaded that we should substitute our judgment as to the sufficiency thereof for that of the trial judges. Accordingly, we hold that the assigned circuit judge did not err in applying the minimum fee schedule in question to the calculation of the appellees' fee for ordinary and routine services. See In re Lieber's Estate, Fla. 1958, 103 So.2d 192; cf. Brickell v. Di Pietro, 1943, 152 Fla. 429, 12 So.2d 782, 783.
It is also contended on behalf of appellant that the assigned circuit judge erred in denying her motion to deduct from the stipulated value of the total estate the value of assets located beyond the jurisdiction of the court and which were never within the legal possession or legal control of the guardian bank, see Hoyt v. Sprague, 103 U.S. 613, 26 L.Ed. 585, before applying thereto the fee schedule in question to determine the amount to be awarded for ordinary and routine services. We think there is merit to this contention. (A similar question was assigned as error on the former appeal but was not decided by this court.)
It is inescapable that, once it is established that the minimum fee schedule may properly be applied to determine a claim for ordinary and routine legal services, the calculation of such fee becomes a purely arbitrary and mechanical matter. The larger the estate, the larger the fee, even though many routine legal matters obviously require the same amount of time and skill regardless of the size of the estate. It should be remembered, also, that in a case of this kind the court is awarding a fee from the estate of the incompetent to pay the fee of an attorney employed by the guardian to perform necessary legal services for the incompetent. If the guardian has neither possession nor control over out-of-state assets of the estate, how, then, can it reasonably employ an attorney to perform "ordinary and routine" services with respect thereto? Legal services to reduce such out-of-state assets to the possession and control of the guardian, if necessary to the administration of the incompetent's affairs, would undoubtedly be compensable as "extraordinary" legal services for the benefit of the incompetent. But we can see no valid reason for including as assets of the estate for the purpose of making a technical calculation of the value of ordinary and routine legal services, properties located outside the jurisdiction and over which the guardian has no legal possession nor control.
Accordingly, the amount of the fee should be reduced in proportion to the amount of the out-of-state assets, stipulated to be of the value of $440,000, erroneously included in the calculation of the fee according to the fee schedule. According to our calculation ($440,000 x 1.5%) would reduce the amount of the fee from $28,000 to $21,400.
Other questions presented here by the appellant have been considered and no reversible error has been found.
The order of the assigned circuit judge awarding a fee of $28,000 is hereby modified to provide for a fee of $21,400; and, as so modified, it is affirmed.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.