OWEN, Judge.
ON MOTION TO DISMISS
Richard Lee Wasley has appealed from an order of the Orange County Circuit Court denying his Rule 1.850, 33 F.S.A., Motion to Vacate Judgment and Sentence. The appeal must be dismissed without prejudice to appellant’s right to have the motion considered by the Circuit Court of Pi-nellas County as the court which imposed sentence upon appellant.
An indictment charging first degree murder was filed against Wasley in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Was-ley’s motion for change of venue was granted and the cause was removed to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida. Pursuant to constitutional authority, the Chief Justice of the Supreme Court of Florida by order dated May 28, 1969, temporarily assigned the Honorable Richard H. Cooper, a judge of the Ninth Judicial Circuit, to the Sixth Judicial Circuit in and for Pinellas County to hear, conduct, try and determine this cause and to dispose of all matters therein. Wasley was convicted and sentenced to death and his appeal from that conviction was affirmed. Wasley v. State, Fla.1971, 244 So.2d 418.
After his conviction was affirmed, Was-ley filed in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, his Rule 1.850 Motion to Vacate Judgment and Sentence. A judge of that court entered an order directing the clerk to transfer the motion to the Circuit Court of Orange County, Florida to be considered by Judge Cooper as the circuit judge who had presided at Wasley’s trial. An Order was thereupon entered by Judge Cooper denying the motion without eviden-tiary hearing, and it is this ordeer which has been appealed to this court.
The state moved to dismiss the appeal on the grounds that the Circuit Court of Pi-nellas County is the only court which had jurisdiction to entertain the motion to vacate and that Judge Cooper (who is not a judge of that court) either did not have authority to rule on the motion or in the alternative, his order was a nullity because it was styled as being entered in the Circuit Court of Orange County. In response to the motion to dismiss, appellant Wasley filed in proper person a memorandum with this court, wherein he agrees that his motion should have been considered by a judge of the circuit court of the Sixth Judicial Circuit in and for Pinellas County and that the order entered by Judge Cooper is null and void on jurisdictional grounds.
Judge Cooper’s temporary assignment as a judge of the Sixth Judicial Circuit in and for Pinellas County, Florida for the purpose of trying the case against Richard Lee Wasley extended through final disposition of that case including the consideration of any timely filed post verdict motions. McLeod v. Rowe, 1935, 118 Fla. 443, 159 So. 517. As to the precise date when Judge Cooper’s temporary assignment was concluded, we cannot say be *245 cause we do not have the record to examine. Suffice it to say that such date necessarily had occurred at or prior to the time Wasley appealed his conviction to the Supreme Court, a date some 18 to 20 months before the filing of his Rule 1.850 Motion to Vacate.
It was proper for the Motion to Vacate to be filed in. the Circuit Court of Pinellas County since that was the court which imposed sentence. Rule 1.850 CrPR. Such motion should have been considered by a judge of that court, as the motion is addressed to the court and not to an individual judge thereof. While efficient administration of court business undoubtedly calls for a motion to vacate being assigned to the judge who presided over the trial at which the defendant was convicted (provided such a judge is then available), for obvious reasons this is not a mandatory requirement. What is mandatory, however, is that the motion be considered by one who is either a judge of that court or by valid assignment is temporarily exercising the powers and prerogatives of a judge of that court. When appellant’s motion to vacate was presented to Judge Cooper, he was neither judge of the Sixth Judicial Circuit in and for Pinellas County nor was his temporary assignment dated May 28, 1969, still in effect. Thus, regardless of the merits of appellant’s motion to vacate, Judge Cooper’s order thereon is a nullity and appellant is still entitled to have said motion considered by a judge of the Sixth Judicial Circuit in and for Pinellas County.
In Summary, we hold that (1) when a change of venue is granted and the defendant is convicted in the court to which the cause has been removed, a motion to vacate is properly filed in the court in which the defendant is sentenced, and (2) a motion to vacate filed in the court which imposed sentence must be acted upon by a judge of that court who is either a regularly assigned judge of that court or who is acting under a valid temporary assignment as a judge of that court at the time the motion is considered.
The appeal is dismissed, the order appealed is quashed as a nullity, and upon remand the court is directed to promptly transmit to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County appellant’s motion to vacate, together with any portions of the record which may have been theretofore transferred by that court to the Circuit Court of Orange County.
REED, C. J., and MAGER, J., concur.