PER CURIAM.
The defendant below seeks a writ of habeas .corpus permitting belated appeals of two separate denials of post conviction relief. We grant the petition and adopt the candid and very helpful “argument” in the state’s response:
*1008 Petitioner contends that the court/ clerk of court failed to inform him, on two separate occasions, of his right to appeal following the denial of his Motion to Correct Illegal Sentence and his Petition for Writ of Habeas Corpus. (Ex. Q: 2-3). A review of the orders denying the post-conviction motion and the petition for habeas corpus indicate an absence of any language informing the defendant that he had thirty (30) days to appeal the decisions. (Ex. N, P). Because the court failed to inform the defendant of his right to appeal following the denial of his motion for post-conviction relief and his petition for habeas corpus, the defendant is entitled to a belated appeal of these denials. Williams v. Singletary, 723 So.2d 923 (Fla. 3d DCA 1999); Tate v. Singletary, 716 So.2d 289 (Fla. 3d DCA 1998); State v. District Court of Appeals, Third District, 316 So.2d 50 (Fla.1975).
Habeas Corpus granted.