868 So.2d 1281 (2004)
Angel DIAZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D03-4016.
District Court of Appeal of Florida, Fourth District.
March 31, 2004.
Angel Diaz, Lake City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Petitioner was convicted after a trial conducted by Judge Lazarus, a county court judge who had been temporarily assigned to circuit court. After petitioner's conviction was affirmed, he then moved for post-conviction relief, which was also assigned to Judge Lazarus. During the post-conviction proceeding, petitioner moved to disqualify Judge Lazarus for bias and because there was no order in effect assigning him to circuit court. We find no merit in the bias argument but grant the *1282 petition for writ of prohibition based on the lack of an order of assignment.
After filing his motion for post-conviction relief, petitioner obtained all orders assigning Judge Lazarus to circuit court and discovered there was no order currently in effect. Judge Lazarus denied petitioner's motion to disqualify, however, citing Wasley v. State, 254 So.2d 243 (Fla. 4th DCA 1971). In Wasley, this court held that a temporary assignment of a circuit judge from a different circuit to try a case would extend through post-verdict motions; however, we also held that the assignment to try the case did not extend to a post-conviction motion filed after the conclusion of an appeal. Wasley accordingly supports petitioner's position.
The state has cited no authority which would authorize this judge to rule on the post-conviction motion, but argues that this court lacks jurisdiction to review orders assigning county judges to circuit court duty based on Wild v. Dozier, 672 So.2d 16 (Fla.1996). Wild, however, involved the validity of an administrative order assigning a county judge to circuit court duty. Our supreme court has exclusive jurisdiction over the assignment of judges under Article V, § 2(b), Florida Constitution. The present case is distinguishable from Wild in that it does not involve the validity of an assignment order, but rather whether, where an assignment order has expired, a county judge can rule on a motion for post-conviction relief. Under Wasley the court cannot. We therefore grant the petition and remand for consideration of the post-conviction motion by a circuit court judge.
FARMER, C.J., and HAZOURI, J., concur.