PER CURIAM.
The defendant filed a petition for writ of prohibition seeking to vacate his conviction and sentence and prevent the county court judge from proceeding with post-conviction matters. We grant the petition in part for the reasons that follow.
Petitioner was convicted after a trial conducted by the county court judge who had been temporarily assigned to circuit court. Petitioner seeks vacation of his conviction and sentence and a new trial, claiming there was no order in effect assigning the county court judge to circuit court. We deny this request as it is beyond the scope of prohibition relief. See Administrator, Retreat Hosp. v. Johnson In and For Broward County, 660 So.2d 333, 337 (Fla. 4th DCA 1995) (quoting English v. McCrary, 348 So.2d 293, 296-97 (Fla.1977)) (the purpose of prohibition is to prevent the doing of something, not to compel the undoing of something already done).
Petitioner states in his reply that he has addressed the issue concerning the jurisdiction of the county court judge in his post-conviction motions filed in the trial court, and he reserves the right to address this issue in that manner. With respect to matters post-appeal, the parties agree that there is no current order of assignment permitting the county court judge to preside over petitioner’s pending post-conviction motions. Accordingly, we remand for consideration of the post-conviction motions by a circuit court judge. See Diaz v. State, 868 So.2d 1281 (Fla. 4th DCA 2004).[1]
Finally, we deny petitioner’s request that we remand for consideration as to whether he must surrender pending resolution of his post-conviction motions. Appellant’s conviction and sentence have been affirmed on appeal. See Combs v. State, 925 So.2d 1036 (Fla. 4th DCA 2006). This court has since indicated that there is no reason why Combs’ sentence should not go forward without delay.
GUNTHER, SHAHOOD and MAY, JJ., concur.

. We decline to comment on the ultimate validity of a reassignment of the county court judge to this case via a new administrative order.