970 So.2d 359 (2007)
The STATE of Florida, Appellant,
v.
Thomas M. OVERTON, Appellee.
No. 3D07-85.
District Court of Appeal of Florida, Third District.
October 3, 2007.
Rehearing Denied November 21, 2007.
*360 Bill McCollum, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellant.
Thomas M. Overton, in proper person.
Before GERSTEN, C.J., and COPE and SUAREZ, JJ.
SUAREZ, J.
The State appeals from a final order of the Sixteenth Judicial Circuit vacating a prior order dismissing Thomas M. Overton's motion for post-conviction relief filed in that circuit. We affirm.
In October of 1996, in the Sixteenth Judicial Circuit of Florida, Overton was charged with armed burglary of a dwelling, possession of burglary tools, carrying a concealed firearm and possession of a firearm by a convicted felon. Pursuant to Overton's motion for change of venue, the cause was removed to the Nineteenth Judicial Circuit. The trial judge from the Sixteenth Judicial Circuit, Judge Mark H. Jones, was appointed by the Florida Supreme Court as a temporary judge of the Nineteenth Judicial Circuit to hear the case, and the Assistant State Attorney for the Sixteenth Judicial Circuit was also appointed to the Nineteenth Judicial Circuit for the purpose of prosecuting the case. The case was tried in Indian River County, and on February 22, 2001, the defendant was convicted of the charges. He was sentenced as a habitual felony offender to life in prison. His conviction was affirmed on appeal. See Overton v. State, 837 So.2d 992 (Fla. 4th DCA 2003).
On March 14, 2005, Overton filed a motion for post-conviction relief in the Sixteenth Judicial Circuit. Judge Jones dismissed the motion on the ground that it was untimely because the amended mandate from the direct appeal had issued on February 14, 2003, more than two years prior to the defendant's filing of his motion for post-conviction relief. See Fla. R.Crim. P. 3.850(b). The defendant appealed, and this Court affirmed. See Overton v. State, 928 So.2d 353 (Fla. 3d DCA 2006). The mandate in that appeal issued on May 5, 2006. On November 3, 2006, the defendant filed a petition for a writ of habeas corpus in the Sixteenth Judicial Circuit. He alleged that Judge Jones, sitting in the Sixteenth Judicial Circuit, was without jurisdiction to rule on the merits of his March 14, 2005 motion for post-conviction relief filed in that circuit because the case had been tried in the Nineteenth Judicial Circuit. Judge Jones agreed and entered an order vacating his prior order dismissing defendant's motion for post-conviction relief and transferred the defendant's post-conviction motion to the Nineteenth Judicial Circuit. The State filed this timely appeal.
The State contends on appeal that the Sixteenth Judicial Circuit lacked jurisdiction to vacate its order dismissing Overton's motion for post-conviction relief. The State argues that Overton's appeal from that order had been affirmed and that the mandate issued prior to the defendant's petition for writ of habeas corpus. See Overton v. State, 928 So.2d at 353. The State argues that once the mandate was issued, the trial court lost jurisdiction to vacate its order. See, e.g., Lesperance v. Lesperance, 257 So.2d 66 (Fla. 3d DCA 1971) (trial court has no authority or jurisdiction to entertain motion to vacate its judgment already affirmed on appeal without permission from appellate court). In *361 1977, the Florida Supreme Court eliminated the requirement that a litigant seek the permission of the appellate court before filing a motion for relief from judgment in the trial court, where the appellate court had previously affirmed the judgment. Ohio Cas. Group v. Parrish, 350 So.2d 466, 467-70 (Fla.1977). In so holding, the court disapproved the portions of Lesperance and State ex rel. Central & Southern Fla. Flood Control District v. Anderson, 157 So.2d 140 (Fla. 3d DCA 1963), relied on by the State. See Weitzman v. F.I.F. Consultants, Inc., 468 So.2d 1085, 1086 n. 2 (Fla. 3d DCA 1985).
The requirement of appellate permission was retained in criminal cases involving petitions for writ error coram nobis. However, that line of authority is obsolete because matters formerly governed by coram nobis are now included within Rule 3.850  and the appellate permission requirement does not apply to Rule 3.850. See Jones v. State, 591 So.2d 911, 915-17 (Fla.1991); Richardson v. State, 546 So.2d 1037, 1039 (Fla.1989); Tafero v. State, 406 So.2d 89, 91 n. 6 (Fla. 3d DCA 1981), superseded on other grounds, by Wood v. State, 750 So.2d 592, 594-97 (Fla.1999); see also Brantley v. State, 912 So.2d 342, 343 (Fla. 3d DCA 2005).[1]
The State has not cited a case in which the appellate permission requirement has been applied in the context of a petition for writ of habeas corpus, and we decline to impose one. Indeed, writs of habeas corpus are addressed in Rule 3.850(h), and if no requirement for appellate permission exists for Rule 3.850, then logically none exists for petitions for writ of habeas corpus. Alternatively, the State contends that, even if the Sixteenth Circuit court had jurisdiction to entertain the petition for writ of habeas corpus, it erred in granting the writ and vacating its prior order because no error was demonstrated, as the motion had been filed more than two years after the mandate issued from the direct appeal.
Overton alleges in his petition for writ of habeas corpus that the Sixteenth Judicial Circuit was without jurisdiction to rule on his motion for post-conviction relief in the first place because Overton was actually tried in the Nineteenth Judicial Circuit, and that his post-conviction petition raised trial issues including allegations of ineffective assistance of counsel. He also contends that, although his post-conviction motion may have been filed more than two years from the date the mandate had issued in the direct appeal from conviction, the proper jurisdiction to make that determination was the Nineteenth Judicial Circuit.
We agree. As an initial matter, this Court has jurisdiction to entertain the present appeal from the Sixteenth Circuit's grant of the defendant's petition for habeas corpus, as it was entered in the form of an order vacating a prior dismissal of a motion for post-conviction relief. We find that the Sixteenth Circuit had the authority to entertain Overton's habeas petition *362 and to vacate its own underlying order even though the related mandate had issued, because the Sixteenth Circuit had no subject matter jurisdiction to rule on the merits of Overton's post-conviction motion from the outset.[2]See Wasley v. State, 254 So.2d 243, 245 (Fla. 4th DCA 1971) (holding that an order denying a motion for post-conviction relief was a nullity because it was issued by circuit court which had no jurisdiction). Judge Jones correctly recognized the absence of jurisdiction and correctly set aside the earlier order. See id. Overton's post-conviction motion must be transferred to the Nineteenth Judicial Circuit for a ruling. See id. Overton's motion can be considered either by a judge of the Nineteenth Circuit or by Judge Jones if the Chief Justice enters an order temporarily assigning him to duty as a judge of the Nineteenth Circuit. See id.
We distinguish the other cases relied upon by the State as we find in this case that the Sixteenth Circuit court had no jurisdiction to entertain the initial March 2005 motion for post-conviction relief.
Affirmed.
NOTES
[1] As the Florida Supreme Court has explained in Scott v. Dugger, 604 So.2d 465, 468 (Fla. 1992):

Traditionally, a defendant seeking relief on the basis of evidence discovered after his conviction has been affirmed on appeal was required to apply to the appellate court for leave to petition the trial court for a writ of error coram nobis. Hallman v. State, 371 So.2d 482 (Fla.1979), abrogated on other grounds, Jones v. State, 591 So.2d 911 (Fla. 1991). However, rule 3.850 has supplanted the writ of error coram nobis, and newly discovered evidence claims are now brought under rule 3.850. Richardson v. State, 546 So.2d 1037 (Fla.1989).
[2] The issue on appeal from the dismissal of the motion for post-conviction relief was the timeliness of the motion. Whether there was a jurisdictional defect in the filing of the motion for post-conviction relief is a separate issue apart from whether the motion for post-conviction relief was timely filed. These are two distinct legal issues that could have been determined concurrently by both the trial court and the appellate court. See White v. State, 855 So.2d 723 (Fla. 3d DCA 2003). Moreover, a mandate ends the jurisdiction of the appellate court and returns full jurisdiction to the trial court. See State v. Miyasato, 805 So.2d 818 (Fla. 2d DCA 2001).