WHATLEY, Judge.
 

 In 1983 Frederick L. Waterfield Jr. was charged in Indian River County with several counts of murder and kidnapping. Reacting to pretrial publicity, the Circuit Court for the Nineteenth Judicial Circuit transferred some charges to the Fifth Judicial Circuit Court, Lake County. One homicide charge was transferred to the Twentieth Judicial Circuit, Charlotte County, where Waterfield was convicted of the lesser-included offense of manslaughter and sentenced to fifteen years in prison.
 

 Over twenty-three years after his conviction and sentence were affirmed by this court,
 
 see Waterfield v. State,
 
 491 So.2d 562 (Fla. 2d DCA 1986) (table decision), Waterfield filed a motion for post-conviction relief in the Charlotte County court, contending that the court never acquired jurisdiction over the murder prosecution because the Indian River County court’s transfer of his records was incomplete or improper. Rather than reviewing Waterfield’s motion, the postconviction court erroneously transferred it to the Indian River County court, reasoning its own jurisdiction was merely temporary because all of Waterfield’s files and records had been sent back to Indian River County. But when venue has been transferred for trial and imposition of a sentence, the transferee court remains the court in which collateral postconviction matters are to be heard.
 
 See State v. Overton,
 
 970 So.2d 359 (Fla. 3d DCA 2007);
 
 Wasley v. State,
 
 254 So.2d 243 (Fla. 4th DCA 1971).
 

 If the postconviction court had reviewed Waterfield’s motion under Florida Rule of Criminal Procedure 3.850, it would have found it both untimely and successive.
 
 See Waterfield v. State,
 
 1 So.3d 235, 237-38 (Fla. 4th DCA 2008). But because the postconviction court erroneously transferred Waterfield’s motion instead of considering it on the merits, we must reverse and remand. On remand, the postconviction court shall vacate the transfer order and enter an order disposing of Water-field’s motion on the merits.
 

 
 *62
 
 Reversed and remanded with instructions.
 

 DAVIS and WALLACE, JJ„ Concur.