ON MOTION FOR REHEARING AND CERTIFICATION
TORPY, C.J.
We deny the motion for rehearing but withdraw the original opinion and substitute this opinion in its place for purposes of clarification. We grant the motion for certification of a question of great public importance.
Petitioner seeks certiorari review of an order denying his motion to compel the production of various records requested pursuant to Florida Public Records Act, chapter 119, Florida Statutes (2013) (“the Act”). Petitioner asserts that the trial court departed from the essential requirements of the law when it: (1) failed to treat his motion to compel as a petition for writ of mandamus; and (2) failed to have a hearing as required by section 119.11(1), Florida Statutes, before denying his public records request. We agree with Petitioner and quash the trial court’s order.
Petitioner, who is serving a life sentence for sexual battery of a child, made a written public records request to the State Attorney’s Office. His request identified two categories of records by specific description and with specific reference to numbered property receipts. Petitioner sought the “mirror images” made of his computer hard drive in the form of DVDs or CDs and the analyses and reports resulting from the forensic examination of his home computer. He also sought the recorded interviews of the victim and her mother. In his request, he acknowledged his obligation to pay the costs of the documents and asked for an itemized list of these costs so that he could tender payment.
The State responded by asserting that, pursuant to an exemption to the Act, it was precluded from producing the records without first redacting any information identifying the child victim. It further asserted that “[w]e ... do not have the ability to redact the identity of the child. Therefore, ... you would be required to make arrangements for someone with this capability to contact this office and make appropriate arrangements.” Petitioner did not agree that this exemption applied in his case. He wrote the State, explaining his position and citing a specific statute as support. Without addressing the statute cited by Petitioner, the State reiterated its previous position, emphasizing again that Petitioner would have to furnish “someone with [the] capability” to redact the records before they would be produced.
Petitioner thereafter filed a motion to compel production of the documents from the State and requested a telephonic hearing on his motion. Without a hearing or explanation, the trial court summarily denied Petitioner’s motions, culminating in this proceeding.
“[T]he purpose of the [Act] ‘is to open public records to allow Florida’s citizens to discover the actions of their government.’ ” Bent v. State, 46 So.3d 1047, 1048 (Fla. 4th DCA 2010) (quoting Christy v. Pakn Beach Cnty. Sheriff’s Office, 698 So.2d 1365, 1366 (Fla. 4th DCA 1997)). Section 119.01(1) expressly provides that *679 “[i]t is the policy of this state that all state, county and municipal records shall be open for personal inspection by any person.” It is the “duty” of each public agency, to fulfill this legislative policy. Id. To accomplish this objective, the Act “is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose.” Woolling v. Lamar, 764 So.2d 765, 767 (Fla. 5th DCA 2000).
When requests for public records are made, the custodian “must” promptly respond to the request in “good faith.” § 119.07(l)(c), Fla. Stat. If the custodian concludes that the requested record is exempt from the Act and if an explanation is requested by the person seeking the record, the custodian “shall state in writing and with particularity the reasons for the conclusion that the record is exempt or confidential.” § 119.07(l)(f), Fla. Stat. (emphasis added).[1] If the custodian asserts that an exemption applies to “part of such record [the custodian] shall redact that portion ... and shall produce the remainder of such record ....” § 119.07(l)(d), Fla. Stat. (emphasis added). If the person seeking the record disputes an asserted exemption and files an action to enforce the Act, the trial court is required to “set an immediate hearing, giving the case priority over other pending cases.” § 119.11(1), Fla. Stat. No specific request for an accelerated hearing need be made. Woodfaulk v. State, 935 So.2d 1225 (Fla. 5th DCA 2006). The appropriate procedure to observe when statutory exemptions are claimed and disputed is to furnish the documents to the trial judge for an in camera inspection. Walton v. Dugger, 634 So.2d 1059, 1061-62 (Fla.1993). The failure to hold an immediate hearing may be remedied by petition for writ of certiorari. Martinez v. State, 969 So.2d 1174, 1174-75 (Fla. 5th DCA 2007).
Here, the State does not address Petitioner’s contention that the trial court should have treated his motion as a petition for writ of mandamus. See Farmer v. State, 927 So.2d 1075 (Fla. 2d DCA 2006) (trial court should treat motion to compel public records as petition for writ of mandamus). Nor does the State address the argument that the failure to provide a hearing is itself a departure from the essential requirements of the law, as the statute and our precedents clearly spell out. Instead, the State maintains that there is nothing for the court to compel it to do because it remains “ready and willing” to provide the records once Petitioner “[makes] arrangements for the redaction” of the exempt material. We are admittedly perplexed by this position. Besides the fact that it is directly contrary to the statutory directive of section 119.07(l)(d) that the custodian “shall” redact the record and “shall” produce the remaining portions, it strains credulity that the State with its vast resources lacks the technology to perform the redaction of video or audio cassettes, DVDs and reports.[2] Equally perplexing is the State’s ostensible willingness *680 to turn over purportedly confidential material to an. agent of Petitioner to perform this delicate exercise, during which confidential information may be viewed and evidence might be compromised. We will assume for now that the State’s position is simply ill-advised and not a scheme to stonewall the incarcerated Petitioner by interposing an insurmountable hurdle. If the State continues to maintain this position at the hearing on the public records request, we trust that the trial court can sort this out and, if appropriate, impose sanctions.
Although not essential to our holding, in order to give some guidance to the trial court when it conducts a hearing, we will address the substance of the claimed exemptions within the context of the limited-record, which does not include the disputed records. The State asserts that the records are exempt in part pursuant to section 119.071(2)(h)l. The relevant part of that provision exempts certain components of criminal investigative information, a phrase of art, defined by section 119.011(3)(b) as “information ... compiled” by law enforcement in the course of conducting a criminal investigation, “including, but not limited to information derived from laboratory tests, reports ... or ... surveillance.” It does not include, however, “[d]ocuments ... required by law ... to be given to the person arrested, except as provided in section 119.071(2)(h) ....” § 119.011(3)(c)5., Fla. Stat. Section 119.071(2)(h)l., in relevant part, exempts from public record disclosure “information” that reveals the identity of the victim of enumerated sexual offenses, and any “photograph, videotape, or image of any part of the body [whether or not the part identifies the victim] of the victim” of enumerated sexual offenses. It does not differentiate between a child victim and an adult victim. Reading these sections of the statute together leaves little doubt that some of the materials sought by Petitioner must be redacted.[3]
The more difficult question involves the application of section 119.071(2)0)2., which creates a specific exemption from disclosure for “information” that reveals the identity of a minor victim contained in the “videotaped statement of a minor” victim of enumerated sexual offenses. Section 119.071(2)(j)2.a. is specific as to identity information contained within videotaped statements of minor victims. Section 119.071(2)(h), on the other hand, is a more general exemption addressing various types of “criminal investigative information,” including those records that contain identity information or images of victims of sexual offenses. Although the two statutes overlap to some extent, for purposes of our analysis, the specific statute controls over the more general statute. See Parker v. Baker, 499 So.2d 843, 845 (Fla. 2d DCA 1986) (when different statutes embrace one subject, specific controls over general).
Section 119.071(2)0)2.b. provides that a “public employee” may not “disclose videotaped information that reveals the minor’s identity ... to a person who is not assisting in the investigation or prosecution of the offense or to any person other than the defendant, the defendant’s attorney, or a person specified in an order entered by the court having jurisdiction of the alleged offense.” (Emphasis added). It also provides criminal penalties for a violation of the prohibition. Petitioner argues that section 119.O71(2)0)2.b. authorizes the disclosure of the videotaped statement without redaction because he is the “defendant.” The State makes two coun- *681 terarguments. First, it argues that Petitioner is no longer the “defendant” because the prosecution had concluded and he is now a “convicted felon” and “incarcerated inmate.” Second, it argues that section 119.071(2)(j)2.a. serves a different function than section 119.071(2)(j)2.b., the latter being merely to establish a criminal penalty for the disclosure of protected material.
The State cites no authority for its first counterargument. Because the statute contains no definition of the term “defendant,” we must construe that term in accordance with its common usage. State v. Brake, 796 So.2d 522, 528 (Fla.2001) (in absence of statutory definition, court should determine meaning by resort to case law and common usage). Florida Rule of Criminal Procedure 3.850, which addresses the procedure for postconviction challenges to criminal convictions, contains repeated references to incarcerated, convicted felons as “defendants.” Further, Florida Rule of Criminal Procedure 3.852, which specifically addresses public records requests by incarcerated, convicted felons of capital offenses, references “capital postconviction defendants.” Even the forms approved by the Florida Supreme Court for convicted capital felons to request public records (and for agencies to object to the request) identify the petitioner as a “defendant.” Fla. R. Crim. P. 3.993(k)-(i). The decisional law is also replete with references to convicted and incarcerated felons as “defendants.” See, e.g., Huffman v. State, 813 So.2d 10 (Fla. 2000) (holding petitioners for postconviction relief convicted of crimes classified as capital, but not actually sentenced to death, qualify as “noncapital defendants” under rule 3.850(b)); State v. Overton, 970 So.2d 359 (Fla. 3d DCA 2007) (“defendant’s” petition for habeas corpus); Cardenas v. State, 826 So.2d 1007 (Fla. 3d DCA 2001) (“defendant” seeks habeas corpus); Holmes v. State, 669 So.2d 360 (Fla. 5th DCA 1996) (petition for habeas corpus was “defendant’s” fifth such filing). In the absence of a statutory definition manifesting a more narrow use of the term, we are constrained to construe the term as it is commonly used. See Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775, 779 (Fla. 4th DCA 1985) (in concluding that phrase “person arrested” includes both persons who are arrested and not charged and “criminal defendants,” court resolved ambiguity in statute in favor of narrowest construction of Public Records Act exemption).
We likewise reject the State’s second counterargument. It argues that the sole purpose for section 119,071(2)(j)2.b. is to establish criminal penalties for a violation of section 119.071(2)(j)2.a. Accordingly, the State argues that the exclusion for the defendant and others is only meant to be an exclusion from criminal penalties, not the disclosure itself. Although this construction is plausible, we do not view it as the most obvious construction and, clearly, it is not the only construction. Section 119.071(2)(j)2.b. establishes a prohibition against dissemination of the identity information, but, in the same sentence, it expressly excludes from that prohibition persons who are assisting in the investigation or prosecution, the defendant, the defendant’s attorney or any other person authorized by court order. The sentence contains a double negative, and the correct grammatical interpretation is that the two negative terms cancel each other and translate into an affirmative. See Oxford Dictionaries, http://www.oxforddictionaries. com/us/words/double-negatives (last visited Feb. 6, 2014). Thus, as worded, the statute affirmatively authorizes the disclosure of the identity information to the listed categories of persons. At best from the State’s perspective, the statute is ambigú *682 ous, and we are duty-bound to construe it in favor of disclosure of the record. Woolling, 764 So.2d at 767; see also Blud-worth, 476 So.2d at 779 (when in doubt about meaning of exemption, court should construe in favor of disclosure).
In its rehearing motion, the State contends that we have “overlooked” the distinction between exempt records and those that are exempt and confidential, citing WFTV, Inc. v. School Board of Seminole County, 874 So.2d 48 (Fla. 5th DCA 2004). It argues:
[The State] submits that while a “defendant” and his or her attorney may be excluded from the confidentiality requirements of accessing the otherwise exempt material, it does not convert the exempt materials to “public records,” which must be provided upon demand pursuant to chapter 119, Florida Statutes.
As a threshold issue, we note that the State raises this argument for the first time in its motion for rehearing, which is an improper use of a rehearing motion. Brennan v. State, 754 So.2d 1, 6 n. 4 (Fla.1999). Even were ,we to consider the argument, however, it does not change our conclusion here. WFTV, Inc. provides that information that is both exempt and confidential “may only be released to the persons or organizations designated in the statute.” 874 So.2d at 53. As we have concluded, this statute designates the defendant and his attorney as persons to whom the information may be released. We do not hold that the records are not exempt or confidential as to other persons.
The State also asserts in its rehearing motion that our conclusion is contrary to the intent of the legislature. Again, we disagree. There are competing public policies at issue here. The Florida Constitution provides an overriding policy directing full public access to public records. It authorizes the legislature to create specific exemptions, but only when necessary to protect a specified policy interest, and, even then, the exemption must be no broader than necessary to accomplish the stated purpose. Art. I, § 24, Fla. Const. The purpose of the exemption at issue here is to protect the identity of the victim, not the substance of the tape itself. It protects “information in a videotaped statement ... which reveals that minor’s identity.” § 119.071(2)(j)2.a., Fla. Stat. (emphasis added). Likewise, section 119.071(2)(j)2.b. prohibits the disclosure of “videotaped information that reveals the minor’s idéntity .... ” (Emphasis added). When only part of a record is protected, the custodian is obligated to redact the protected portion and furnish the remainder. § 119.07(l)(d), Fla. Stat. The construction we attribute to this statute is consistent with a legislative recognition that the identity of the victim cannot be withheld from the defendant, his attorney and others listed in the statute. Accordingly, under our interpretation, the statute appears to manifest a conscious attempt by the legislature to tailor the exemption as broadly as practical (but not overly broad) to protect the child’s identity.
We realize that Petitioner and his attorney might have had access to this information under discovery rules and that the issue here is the scope of the public records law. The fact that Petitioner might have previously received the information does not negate his entitlement to a public records request, nor does the statute differentiate between a demand made during an active prosecution or during postconviction challenges in state and federal courts. Indeed, there might be circumstances where a public records request is the only mechanism for access to records that support a valid challenge to a conviction, such as when counsel has been *683 ineffective or evidence has been withheld. The purpose for the demand is not material. Lorei v. Smith, 464 So.2d 1330, 1332 (Fla. 2d DCA 1985).
Contrary to the assertion made by the State in its rehearing motion, it does not strike us as patently illogical or absurd that the legislature might permit broader access to a videotaped statement than other forms of “criminal investigative information.” A statement of this nature is often the most crucial piece of evidence linking an accused to the crime. In some cases, the statement itself may be used in lieu of live testimony at trial. See § 90.803(23), Fla. Stat. (hearsay exception for videotaped statements of children under eleven under some circumstances). When redacted to delete identity images, the entire video component is eliminated, which is a critical component in the interpretation of the evidence. By contrast, the deletion of identity information from “criminal investigative information,” such as laboratory tests and reports, for example, does nothing to affect the evidentiary import of those records. It is not our function to second-guess what the legislature has said or to re-write the statute to reach the result we desire. If we have misconstrued the legislative intent, the legislature can revise the statute. See Blud-worth, 476 So.2d at 779, n. 1. (court should resolve doubt in favor of disclosure; legislature can amend if court misconstrues intent).
Finally, we address the State’s argument that Petitioner cannot have the records because he is in prison and it is against the rules of the prison. In its response to the petition, the State’s entire argument on this topic was contained within a footnote, as follows:
Respondent would also point out that Ingram would not be permitted to receive videotape and/or CDs in prison. See Fla. Admin Code Ch. 33-210.
Assuming that we construe this observation as a specific objection to the release of the records, it was not asserted below as a basis for withholding the information and it was not considered by the trial judge. In its rehearing motion, the State asserts that it “cannot simply copy a videotape ... and send it off to the prison where the ‘defendant’ resides, without possibly committing a crime.”[4] Our opinion does not dictate a particular method of exchange of the records. We note that Petitioner represents that he will employ counsel to take possession of the records. We will leave to the trial court, after appropriate argument, the details of how the records exchange can be accomplished within the parameters of the Act.
Turning once again to the facts here, it appears on the record before us that the first category of public records requested by Petitioner, that being the product of the forensic examination of his home computer, is probably not exempt, in whole or in part. Although we do not have the records themselves, we do have a summary report of the analysis. While law enforcement searched for images of the victim, apparently none were found. The majority of the information was either benign or related to internet searches of sex sites. Of course, when the trial judge conducts an in camera inspection of the records, if the actual records reveal exempt identity information, it should be ordered redacted. This exemplifies why an in camera inspection is needed when an exemption is asserted and disputed.
As to Petitioner’s second category of public records requested, if there is a *684 videotaped interview of the minor victim, an unredacted copy must be provided to defendant or his attorney. All of the other records should be redacted in accordance with section 119.071(2)(h). If the trial court fails to conduct a hearing within fifteen days after this decision becomes final, then Petitioner may file a petition for writ of mandamus with this Court.
We grant the State’s request to certify a question of great public importance but rephrase the question, as follows:
DOES FLORIDA’S PUBLIC RECORDS ACT, SPECIFICALLY SECTION 119.071(2)(j)2.b., FLORIDA STATUTES (2013), REQUIRE A STATE AGENCY TO PROVIDE A CONVICTED, INCARCERATED INMATE WITH AN UNREDACTED COPY OF THE VIDEOTAPED STATEMENT OF THE MINOR VICTIM OF HIS OR HER CRIME?
ORDER QUASHED; QUESTION CERTIFIED.
COHEN and WALLIS, JJ., concur.

. The State made no effort to offer an explanation even after Petitioner requested it to reconsider its position in light of a cited exception to the exemption. There does not appear to be a specific remedy for a violation of this provision. The trial court can require the State to file an amended and more specific response to Petitioner's request. Weeks v. Golden, 764 So.2d 633, 635 (Fla. 1st DCA 2000).

. Neither party favored us with a citation to section 119.07(l)(d). Counsel for the State is under a duty to advise the court of legal authority that is contrary to the State's position. We assume this omission was inadvertent and caution counsel to be more thorough, especially when the opposing party is unrepresented by counsel.

. The term "redact” is defined (as it pertains to both tangible records and electronic media) in section 119.011(13) and needs no elaboration.

. This argument seems somewhat dubious in light of the State’s initial position that some agent of Petitioner should perform the task of redacting.