# Supreme Court of Florida

_____

No. SC14-564
_____

**STATE OF FLORIDA**,
Petitioner,

vs.

**LAWRENCE ANDREW INGRAM**,
Respondent.

[July 2, 2015]

PER CURIAM.

At issue in this case is Respondent convicted criminal defendant's public record request of a videotape of his minor victim. At oral argument, the State represented, for the first time, that the videotape does not exist, and Respondent indicated there is no known basis to contest the State's assertion of non-existence. Accordingly, because the case before this Court and previously before the Fifth District Court of Appeal is one that seeks an advisory opinion, the opinion by the Fifth District in Ingram v. State, 39 Fla. L. Weekly D412 (Fla. 5th DCA Feb. 21, 2014), is hereby vacated, and this case is dismissed.

It is so ordered.

LABARGA, C.J., and LEWIS, POLSTON, and PERRY, JJ., concur.
PARIENTE, J., concurs in result only with an opinion.
QUINCE, J., concurs in result.
CANADY, J., concurs in part and dissents in part with an opinion.

NO MOTION FOR REHEARING WILL BE ALLOWED.

PARIENTE, J., concurring in result only.

I concur in result only. While I agree that the Fifth District Court of Appeal's opinion cannot stand, I disagree with the majority's unusual procedural maneuver to vacate Ingram v. State, 39 Fla. L. Weekly D412, 2014 WL 656734 (Fla. 5th DCA Feb. 21, 2014), and avoid addressing the question that was certified by the Fifth District to be of great public importance.[1] Instead, I would quash Ingram on the merits, based on express disagreement with the Fifth District's statutory construction analysis, and answer the certified question in the negative.

In my view, the Fifth District erroneously interpreted the pertinent provisions of Florida's Public Records Act to allow a criminal defendant who had already been convicted and sentenced to obtain an unredacted copy of the minor

---

1. The Fifth District certified the following question:

   DOES FLORIDA'S PUBLIC RECORDS ACT, SPECIFICALLY SECTION 119.071(2)(j)2.b., FLORIDA STATUTES (2013), REQUIRE A STATE AGENCY TO PROVIDE A CONVICTED, INCARCERATED INMATE WITH AN UNREDACTED COPY OF THE VIDEOTAPED STATEMENT OF THE MINOR VICTIM OF HIS OR HER CRIME?

Ingram, 2014 WL 656734, at *7.

- 2 -

victim's videotaped statement through a public records request. In so doing, the

Fifth District afforded the convicted criminal defendant greater rights to obtain

information through a public records request than are afforded to members of the

general public—a conclusion at odds with both the plain language and the intent of

the Public Records Act. The Fifth District's interpretation turned the Public

Records Act on its head, allowing information to be disclosed to the convicted

criminal defendant as a public record but yet still keeping the record exempt from

public disclosure. This Court should expressly disapprove that incorrect

interpretation in order to clarify this important issue.

Section 119.071, Florida Statutes (2013), the part of the state's Public

Records Act that addresses "exemptions from inspection or copying of public

records," plainly provides that a videotaped statement of a minor victim of sexual

abuse is confidential and exempt from public records disclosure. Specifically,

section 119.071(2)(j)2.a. explains as follows:

> Any information in a videotaped statement of a minor who is alleged to be or who is a victim of sexual battery, lewd acts, or other sexual misconduct proscribed in chapter 800 or in s. 794.011, s. 827.071, s. 847.012, s. 847.0125, s. 847.013, s. 847.0133, or s. 847.0145, which reveals that minor's identity, including, but not limited to, the minor's face; the minor's home, school, church, or employment telephone number; the minor's home, school, church, or employment address; the name of the minor's school, church, or place of employment; or the personal assets of the minor; and which identifies that minor as the victim of a crime described in this subparagraph, held by a law enforcement agency, is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution.

Any governmental agency that is authorized to have access to such statements by any provision of law shall be granted such access in the furtherance of the agency's statutory duties, notwithstanding the provisions of this section.

(Emphasis supplied.)

The very next subsection of the statute then sets forth the criminal penalty for any disclosure of videotaped information in violation of the statute:

A public employee or officer who has access to a videotaped statement of a minor who is alleged to be or who is a victim of sexual battery, lewd acts, or other sexual misconduct proscribed in chapter 800 or in s. 794.011, s. 827.071, s. 847.012, s. 847.0125, s. 847.013, s. 847.0133, or s. 847.0145 may not willfully and knowingly disclose videotaped information that reveals the minor's identity to a person who is not assisting in the investigation or prosecution of the alleged offense or to any person other than the defendant, the defendant's attorney, or a person specified in an order entered by the court having jurisdiction of the alleged offense. A person who violates this provision commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

§ 119.071(2)(j)2.b., Fla. Stat.

Additional provisions of section 119.071 pertaining to "criminal investigative information" make the prohibition on disclosure of this information as a public record crystal clear. Section 119.071(2)(h)1.c. explains that a "photograph, videotape, or image of any part of the body of the victim of a sexual offense prohibited under [various statutes], regardless of whether the photograph, videotape, or image identifies the victim," is confidential and exempt from public disclosure. Similarly, section 119.071(2)(h)1.a. exempts from public disclosure

"[a]ny information, including the photograph, name, address, or other fact, which reveals the identity of the victim of the crime of child abuse as defined by chapter 827." And, section 119.071(2)(h)1.b. further exempts "[a]ny information which may reveal the identity of a person who is a victim of any sexual offense . . . ."

To summarize, a videotaped statement revealing the identity of a minor who is alleged to be the victim of any sexual abuse is confidential and exempt from public disclosure. Any public employee or officer who has access to this videotaped statement and discloses it to an unauthorized person commits a misdemeanor of the first degree. And any "criminal investigative information" that reveals the identity of a victim of either child abuse or a sexual offense, as well as any photograph or videotape of any part of the body of a victim of a sexual offense even if the photograph or videotape does not identify the victim, are clearly exempt from public records disclosure.

Pursuant to section 119.071(2)(j)2.a., then, the videotaped statement of the minor victim of sexual battery in this case—Ingram's daughter—would be confidential and exempt from public disclosure, as confirmed by these provisions of Florida's Public Records Act. This is so because the videotaped statement is the statement of the minor victim of sexual battery, which is an offense enumerated within the text of section 119.071(2)(j)2.a. as an offense for which disclosure of the videotape is impermissible. Because the unredacted videotaped statement

would show the minor victim's face, it would reveal the minor victim's identity, as prohibited by the statute. Accordingly, this videotaped statement falls under the exemption from disclosure stated in section 119.071(2)(j)2.a. and is not a public record. Ingram is not entitled to this videotaped statement as a member of the public.

The Public Records Act also does not allow Ingram to access the videotaped statement simply by virtue of his status as the defendant. Contrary to the Fifth District's analysis, section 119.071(2)(j)2.b. does not affirmatively authorize the disclosure to Ingram of videotaped information that reveals the minor victim's identity.

Instead, this subsection establishes the criminal penalty for wrongfully disclosing information exempt from public disclosure to persons not entitled to it. The Fifth District's statutory construction analysis completely changed the meaning of section 119.071(2)(j)2.b. in concluding that this subsection affirmatively authorizes Ingram to the unredacted videotaped statement of the minor victim of his crime. See Ingram, 2014 WL 656734, at *4.

Under the Fifth District's interpretation, the Legislature would have intended to provide greater access and less protection to a minor victim's videotaped statement, based on the language of the specific exemptions, than to an adult victim's, for which it is beyond dispute that disclosure is prohibited. See

§§ 119.071(2)(h)1.a.-c., Fla. Stat. This construction of the statutory provisions not only defies common sense and public policy, but is a patent misinterpretation of the purpose of these subsections—to afford greater protection against disclosure of information pertaining to a minor victim.

In contrast to the Fifth District's construction, section 119.071(2)(j)2.b. acknowledges that the criminal defendant and the defendant's attorney may be entitled to such information for reasons other than through a public records request, and therefore explains that the criminal penalty for disclosure would not apply in such circumstances. For example, the State has a constitutional duty under Brady v. Maryland, 373 U.S. 83 (1963), to turn over exculpatory evidence to a criminal defendant. Without the provision in section 119.071(2)(j)2.b. regarding disclosure made to the defendant or the defendant's attorney, a public employee or official could be subject to criminal penalty under section 119.071(2)(j)2.b. for a disclosure made to comply with Brady.

But even if Ingram is entitled to access the videotaped statement under Brady or criminal discovery rules, that would not turn the videotaped statement into a public record under chapter 119, to which any member of the public would be entitled. See Rameses, Inc. v. Demings, 29 So. 3d 418, 423 (Fla. 5th DCA 2010) (holding that there was no reason why disclosure under the criminal discovery rules "should transform otherwise exempt material into public

information" and that to conclude otherwise "would effectively allow the rules of criminal procedure, which are enacted to govern criminal discovery, to trump legislatively approved exemptions from disclosure under the Public Records Act"). While a criminal defendant has a right to make a public records request, a criminal defendant is not afforded greater rights under the Public Records Act than members of the general public. See, e.g., Fla. R. Crim. P. 3.852(k)(1) (limiting the scope of capital postconviction public records production to records that are not privileged or statutorily immune from production).

Accordingly, based on the plain language of the applicable provisions of section 119.071, I would quash the Fifth District's decision and hold that an unredacted videotaped statement of a minor victim of a sexual offense is not a public record under chapter 119. Although the State does not contest that Ingram had a right to obtain an unredacted copy of the videotaped statement in this case, that right did not flow from Florida's Public Records Act.

CANADY, J., concurring in part and dissenting in part.

I agree with the majority that this case should be dismissed because the issue in controversy is now moot. I disagree, however, with the decision to vacate the Fifth District's opinion. Having determined that the case should be dismissed, we lack jurisdiction to take any action regarding the decision on review.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

Fifth District - Case No. 5D13-1519

(Lake County)

Pamela Jo Bondi, Attorney General, and Teresa Leigh Mussetto, Senior Assistant Attorney General, Tallahassee, Florida; Wesley Harold Heidt, Bureau Chief, Criminal Appeals, and Kellie Anne Nielan, Assistant Attorney General, Daytona Beach, Florida,

for Petitioner

Steven L. Brannock and Tyler K. Pitchford of Brannock & Humphries, Tampa, Florida,

for Respondent